IN THE UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br>                    APPELLEE,<br>vs.<br>CHARLES TARRON CARTER,<br>                    APPELLANT. | APPEAL NO. 14-4477<br>(C:12-CR-00559-CMC-1)<br><br>RESPONSE OPPOSING GOVERNMENTS<br>MOTION TO DISMISS APPEAL |

Appellant Charles Carter's appeal should not be dismissed as the record conclusively shows ineffective assistance of counsel.

Appellant Charles Carter pleaded guilty to possession of a firearm by a prohibited person. Carter signed a plea agreement waiving the right to contest the conviction and sentence in any direct appeal or post-conviction action with the exception that the waiver does not apply to claims of ineffective assistance of counsel. J.A. 28. Carter, acting on the incorrect advice of counsel, stipulated to being an Armed Career Criminal based on his prior convictions for S.C. Burglary[1]. J.A. 26. The plea agreement was not the type specified in Rule 11(c)(1)(C) and specifically stated, "[t]he Defendant understands that these stipulations are not binding upon the Court or the United States Probation Office, and that the defendant has no right to withdraw his plea should these stipulations not be accepted". J.A. 26.

Carter received ineffective assistance of counsel because S.C. Burglary cannot serve as a predicate offense under the ACCA. The Supreme Court held that state burglary convictions are *never* for generic burglary if the state burglary statute encompasses conduct that is broader than

---

[1] The various "degrees" of South Carolina Burglary all share a common definition of "building" found in S.C. Code Ann. §16-11-310. Therefore, we will refer to the charge as S.C. Burglary since the specific "degree" is irrelevant to this discussion.

generic burglary as defined by Taylor. Descamps v. United States, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013).

S.C. Burglary is not an appropriate ACCA predicate offense because South Carolina defines "Building" to include places specifically excluded by Taylor. S.C. Code Ann. §16-11-310 is the definitional statute for S.C. Burglary and states that "[f]or purposes of Sections 16-11-311 through 16-11-313: (1) "Building" means any structure, vehicle, watercraft, or aircraft . . .". The Supreme Court specifically stated that crimes committed in boats, motor vehicles and presumably aircraft were excluded from consideration as ACCA predicate offenses. Shepard v. United States, 544 U.S. 13, 15-16 (2005). Additionally in Descamps, the Supreme Court specifically held that California burglary convictions are *never* for generic burglary because the California statute encompasses conduct that is broader than generic burglary as defined by Taylor. Descamps v. United States, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013).

In United States v. Henriquez, 757 F.3d 144 (4th Cir., 2014), this Court concluded that Maryland's first degree burglary statute encompasses "conduct that falls outside the generic definition" of burglary. Because the Maryland statute did not define "dwelling", the Court needed to consider the interpretive decisions of Maryland's highest court. In the instant case however, the Court need look no further than the clear, express language of South Carolina's Burglary statute. The S.C. Burglary statute defines the term "building" broadly enough to convict a person of burglarizing an enclosure excluded from the federal definition of generic burglary. In Carter's case, trial counsel merely needed to look at the statutory elements of South Carolina Burglary to determine that the elements are clearly broader that permitted by Taylor and Descamps.

On Page 7 of the Government's motion to dismiss, the Government mischaracterizes Carter's plea agreement as a "negotiated plea agreement." The plea agreement was not the type specified in Rule 11(c)(1)(C) and specifically stated, "[t]he Defendant understands that these stipulations are not binding upon the Court or the United States Probation Office, and that the defendant has no right to withdraw his plea should these stipulations not be accepted". J.A. 26. Had the District Court corrected the government's and trial counsel's error by properly sentencing Carter without the ACCA enhancement, the government would have been bound by the lawful sentence.

Wherefore, Appellant having fully responded to the government's motion to dismiss, hereby requests that the Court deny the government's motion.

Respectfully submitted,

Steven M. Hisker
126 East Main Street
Duncan, South Carolina 29334
SteveHisker@gmail.com
864-921-1432

ATTORNEY FOR THE APPELLANT
FEDERAL ID #: 7666

December 4, 2014.